# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 WASFI SHALHOUT,

        Defendant.
_____/

Case No. 2:08-cr-20549

Honorable Paul D. Borman
Magistrate Judge Whalen R. Steven

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, TERRENCE BERG, Acting United States Attorney for the Eastern District of Michigan, NOCEEBA SOUTHERN and LINDA AOUATE, Assistant U.S. Attorneys, together with Defendant WASFI SHALHOUT, by and through his attorney, HAROLD S. FRIED, ESQ., hereby submit this Stipulated Preliminary Order of Forfeiture:

1. WHEREAS, an Information was filed on October 22, 2008, which charged Defendant Wasfi Shalhout with Conspiracy to Commit Wire Fraud (Count One) in violation of 18 U.S.C. §§ 1349 and 1343, and Money Laundering (Counts Two and Three) in violation of 18 U.S.C. §§ 1957 and 2;

2. WHEREAS, the Information contains Forfeiture Allegations providing notice that upon conviction the United States intends to seek (a) forfeiture of property constituting or derived from proceeds, directly or indirectly, as the result of those violations, or property involved in, or any property traceable thereto, the violations, pursuant to 18 U.S.C. §§

981 (a)(1)(A), 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and/or 28 U.S.C. § 2461, and (b) a money judgment in the amount of $1,261,943.00, representing the total amount of proceeds obtained as a result of the violation set forth in Count One of the Information;

3. WHEREAS, Defendant Wasfi Shalhout entered into a Rule 11 Plea Agreement, and thereafter pled guilty to Counts One and Two of the Information. In his Rule 11 Plea Agreement, Defendant Wasfi Shalhout agreed to forfeit any property constituting or derived from proceeds, directly or indirectly, as the result of those violations, property involved in those violations, and any property traceable thereto, pursuant to 18 U.S.C. §§ 981 (a)(1)(A), 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and/or 28 U.S.C. § 2461;

4. WHEREAS, in his Rule 11 Plea Agreement Defendant Wasfi Shalhout agreed that between May 2005 to February 2008, he and his co-conspirators obtained approximately $1,261,943.00 in proceeds from the offense alleged in Count One of the Information, to which they were not entitled;

5. WHEREAS, pursuant to the Rule 11 Plea Agreement, Defendant Wasfi Shalhout has agreed to the forfeiture of any and all right, title and interest he may possess in each of the assets listed below as they are forfeitable to the United States pursuant to 18 U.S.C. § 982(a)(1) and/or 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461, as properties involved in, or traceable to, money laundering offenses, and/or pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461 as proceeds of conspiracy to commit wire fraud and/or money laundering offenses:

**(a)   BANK ACCOUNTS:**

Forty-Two Thousand One Hundred Twenty-Six Dollars and Thirteen Cents ($42,126.13) seized from LaSalle Bank (now known as Bank of America) Account Number 5402753833;

**(b)   UNITED STATES CURRENCY:**

(i)   One Thousand Seventy-One Dollars ($1,071.00) seized from 12801 Greiner Street, Detroit, Michigan;

(ii)   Thirty Seven Thousand One Hundred Sixty-Eight Dollars ($37,168.00) seized from 4871 Cabot Street, Detroit, Michigan; and

(iii)   Cash in the amount of Ten Thousand Dollars ($10,000.00) in United States Currency in lieu of the real property located at 12801 Greiner, Detroit, Michigan.

The subject $10,000.00 is to be paid not less than two weeks prior to the date of sentencing in this matter in the form of a cashier's check made payable to "**The United States Department of Treasury**" and to be delivered to Assistant United States Attorney Linda Aouate, of the U.S. Attorney's Office, 211 W. Fort Street, Suite 2001, Detroit, Michigan;

//

//

6. WHEREAS, upon receipt of the subject $10,000.00, the government shall withdraw its Affidavit Relating to Matter Affecting Title to Realty filed in connection with, and to waive and to forego the forfeiture of Defendant's right, title or interest in the following real property: 12801 Greiner, Detroit, Michigan.

7. NOW THEREFORE, based upon the Information, Defendant Wasfi Shalhout's acknowledgment of forfeiture, Defendant's Rule 11 Plea Agreement, Defendant's guilty plea to Counts One and Two of the Information, and the information in the record,

IT IS HEREBY ORDERED that any and all interest of Defendant Wasfi Shalhout in the following property IS HEREBY FORFEITED to the United States for disposition in accordance with law, and any right, title or interest of Defendant Wasfi Shalhout, and any right, title or interest that his heirs, successors or assigns, have or may have in said property IS HEREBY AND FOREVER EXTINGUISHED:

    (a) all property constituting or derived from any proceeds obtained, directly or indirectly, as a result of violations of 18 U.S.C. §§ 1349 and 1343 (Conspiracy to Commit Wire Fraud) and 18 U.S.C. § 1957 (Money Laundering), as alleged in Counts One and Two of the Information; and

    (b) all property involved in, or any property traceable thereto, the commission of a violation of 18 U.S.C. §1957 (Money Laundering), as alleged in Count Two of the Information.

IT IS FURTHER ORDERED that any and all interest of Defendant Wasfi Shalhout in the following property IS HEREBY FORFEITED to the United States for disposition in accordance with law, and any right, title or interest of Defendant Wasfi Shalhout, and any

right, title or interest that his heirs, successors or assigns, have or may have in said property IS HEREBY AND FOREVER EXTINGUISHED:

**BANK ACCOUNTS:**

Forty-Two Thousand One Hundred Twenty-Six Dollars and Thirteen Cents ($42,126.13) seized from LaSalle Bank (now known as Bank of America) Account Number 5402753833;

**UNITED STATES CURRENCY:**

(i) One Thousand Seventy-One Dollars ($1,071.00) seized from 12801 Greiner Street, Detroit, Michigan;

(ii) Thirty Seven Thousand One Hundred Sixty-Eight Dollars ($37,168.00) seized from 4871 Cabot Street, Detroit, Michigan; and

(iii) Cash in the amount of Ten Thousand Dollars ($10,000.00) in United States Currency in lieu of the real property located at 12801 Greiner, Detroit, Michigan, which is to be paid not less than two weeks prior to the date of sentencing in this matter in the form of a cashier's check made payable to "**The United States Department of Treasury**" and to be delivered to Assistant United States Attorney Linda Aouate, of the U.S. Attorney's Office, 211 W. Fort Street, Suite 2001, Detroit, Michigan,

hereinafter referred to collectively as the "Subject Property."

IT IS FURTHER HEREBY ORDERED that a forfeiture money judgment in the amount of $1,261,943.00 is granted and entered against Defendant Wasfi Shalhout in favor of the United States of America, for which Defendant Wasfi Shalhout is jointly and severally liable with Defendant Fatima Shalhout, which constitutes the amount of proceeds obtained directly or indirectly from the wire fraud conspiracy alleged in Count One of the Information; however, the forfeiture of the Subject Property set forth above, in the total amount of $90,365.13, will be applied to reduce the amount owed on the forfeiture money judgment.

8. The Court has determined that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. §§ 981 (a)(1)(A), 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and/or 28 U.S.C. § 2461, and the requisite nexus exists between such property and the offenses set forth in Counts One and Two of the Information.

9. Upon entry of this Order, the United States and/or the United States Department of Treasury is authorized, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2) and (3), to seize any assets identified herein which are not currently in its custody or control, to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any assets seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

10. The United States shall publish notice of this Preliminary Order of Forfeiture and its intent to dispose of the property in such manner as the Attorney General may direct. Said notice shall direct that any person, other than Defendant Wasfi Shalhout, asserting a legal interest in the property may file a petition with the Court within thirty (30) days from the final day of publication of notice or the receipt of actual notice, whichever is earlier. The petition

shall be set for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

11. Defendant Wasfi Shalhout agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to the above-identified property to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture. If any other person or entity has any interest in such property, Defendant Wasfi Shalhout will assist in obtaining a release of interest from any such other person or entity.

12. In entering into this Stipulated Preliminary Order of Forfeiture, Defendant Wasfi Shalhout expressly waives his right to have a jury determine the forfeitability of his interest in such property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. Wasfi Shalhout knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and specifically acknowledges that the above-identified

forfeitable property constitutes or is derived from proceeds traceable to his violations of U.S.C. §§ 1349, 1343, and 1957, as alleged in Counts One and Two of the Information, and constitutes property traceable to and was involved in his violation of 18 U.S.C. § 1957, as alleged in Count Two of the Information.

13. Defendant Wasfi Shalhout waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant Wasfi Shalhout acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed on him in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time any guilty plea is accepted.

14. Following the Court's disposition of all petitions filed, if any, and upon proof of publication and notice to any persons known to have alleged an interest in the property, the United States shall have clear title to the property, and the Attorney General and/or the United States Department of Treasury are authorized to dispose of the forfeited assets in accordance with law.

15. Pursuant to Fed.R.Crim.P. 32.3(b)(3), this Preliminary Order of Forfeiture shall become final as to Defendant Wasfi Shalhout at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

//

//

//

//

//

16. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2.

Agreed as to form and substance:

TERRENCE BERG
Acting United States Attorney

_____  _____
NOCEEBA SOUTHERN [P55229]   LINDA AOUATE [P70693]
Assistant United States Attorney   Assistant United States Attorney
211 W. Fort Street, Suite 2001   211 W. Fort Street, Suite 2001
Detroit, MI 48226   Detroit, MI 48226
(313)-226-9676   (313)-226-9587
noceeba.southern@usdoj.gov   linda.aouate@usdoj.gov

Dated: _____, 2008   Dated: _____, 2008

_____  _____
HAROLD FRIED, Esq. [P13711]   WASFI SHALHOUT, Defendant
Attorney for Defendant Wasfi Shalhout
29800 Telegraph Road
Southfield, MI 48034
(248) 353-6500
Dated: _____, 2008   Dated: _____, 2008
loriahearn@comcast.net

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 2, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 2, 2008.

                                                s/Denise Goodine
                                                Case Manager

16. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2.

Agreed as to form and substance:

TERRENCE BERG
Acting United States Attorney

_____
NOCEEBA SOUTHERN [P55229]
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313)-226-9676
Noceeba.Southern@usdoj.gov
Dated: 11/21, 2008

_____
LINDA AOUATE [P70693]
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313)-226-9587
Linda.Aouate@usdoj.gov
Dated: 11/19/08, 2008

_____
HAROLD FRIED, Esq. [P13711]
Attorney for Defendant Wasfi Shalhout
29800 Telegraph Road
Southfield, MI 48034
(248) 353-6500
loriahearn@comcast.net
Dated: 11/19/08, 2008

_____
WASFI SHALHOUT, Defendant

Dated: 11/19/08, 2008

*********************************************

IT IS SO ORDERED.

Dated: _____

_____
HONORABLE PAUL D. BORMAN
United States District Judge